JDN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ji Chu Chen,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-03379-PHX-SMB (JZB)

**ORDER**

Petitioner Ji Chu Chen, who is represented by counsel, brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

Petitioner is a native and citizen of China who entered the United States in 2009 to seek asylum. (*Id.* at 2.) In 2011, Petitioner was granted asylum and he became a legal permanent resident. (*Id.*) On July 20, 2022, Petitioner was convicted of various state crimes, and he subsequently left the United States. (*Id.*) On September 5, 2025, Petitioner attempted to re-enter the United States; he was detained and placed into removal proceedings as an arriving alien. (*Id.*) On September 24, 2025, Petitioner requested discretionary release but did not receive any response. (*Id.* at 2, 6.) Petitioner also applied for asylum in the Ninth Circuit Court of Appeals, and his application remains pending. (*Id.* at 2.)

Petitioner filed his first writ of habeas corpus petition on April 23, 2026; however, it was denied. (*Id.*) Petitioner alleges that the District Judge "found the Petitioner's detention to be reasonable because it had not yet exceeded eight months." (*Id.*) Petitioner

claims that his detention has now become unreasonable as it has exceeded eight months. (*Id.*) Petitioner alleges that his detention has become prolonged in violation of the Fifth Amendment, and he seeks immediate release or a custody redetermination hearing. (*Id.* at 6–10.)

The Supreme Court determined in *Jennings v. Rodriguez* that there is no statutory right to periodic bond hearings for arriving aliens detained during the pendency of removal proceedings. 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the constitution, the Supreme Court later held in *Dep't of Homeland Sec. v. Thuraissigiam*, that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Based on Petitioner's allegations, the Court finds that Petitioner is subject to mandatory detention.

The Court's Order on Petitioner's first petition for writ of habeas corpus noted that Petitioner's "mandatory detention during his removal proceedings, which has not surpassed eight months, is not unreasonably prolonged." (Doc. 3, CV-26-02849-PHX-SMB (JZB).) This was not a finding that eight months is the threshold at which mandatory detention becomes prolonged. The fact that Petitioner has now been detained "eight months, one week, and one day" does not render his detention prolonged. (Doc. 1 at 6.)

The Petition will be dismissed without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus is **denied without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge